**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Sylvia AVILA, Defendant–Appellant.**

No. 01–50032.

D.C. No. CR–99–00747–ABC–2.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001.*

Decided Sept. 19, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

### MEMORANDUM **

Sylvia Avila appeals the 70-month sentence imposed following her guilty plea conviction for distribution of methamphetamine and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. She claims that she should have received a lesser sentence because she was entrapped into participating in the 96-gram methamphetamine transaction. We affirm.

### DISCUSSION

"Sentencing entrapment or sentence factor manipulation occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994). The district court here, however, found that Avila was predisposed to commit the crime charged. The court acknowledged that Avila's criminal history concerned the sale of smaller amounts of drugs, but nevertheless found that "as a whole, these tapes, these transcripts, show that she has no reluctance, that she is willing to enter into this transaction." We conclude that this reasoning is sufficient to support the court's finding of predisposition and its rejection of Avila's claim of sentencing entrapment. *See United States v. Naranjo*, 52 F.3d 245, 250–51 (9th Cir.1995).

Avila also argues that the district court erred in not departing downward from the Sentencing Guidelines. Although a district court has discretion to depart downward based on sentencing entrapment under 18 U.S.C. § 3553(b), the court's discretionary refusal to depart is generally not reviewable on appeal. *See United States v. Daas*, 198 F.3d 1167, 1182 (9th Cir.1999). We may review the decision not to depart downward only when it was based on a mistaken belief that the judge lacked the authority to depart. *See United States v. Whitecotton*, 142 F.3d 1194, 1199–1200 (9th Cir.1998). That exception does not apply here. The district court explicitly stated that it had the discretion to depart downward, but thought it inappropriate under the circumstances. Therefore, we lack jurisdiction to review the court's decision not to depart downward.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.